1
2                                                                    "O"
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10   CHERYL L. BURNS,                 )   Case No. ED CV 04-1083 AN
                                       )
11           Plaintiff,                )   MEMORANDUM AND ORDER
                                       )
12        v.                           )
                                       )
13   JO ANNE B. BARNHART,              )
     COMMISSIONER OF THE SOCIAL        )
14   SECURITY ADMINISTRATION,          )
                                       )
15           Defendant.                )
                                       )
16   ──────────────────────────────

17                          **I.  INTRODUCTION**

18        Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final

19   decision of the Commissioner of the Social Security Administration (the

20   "Commissioner") denying her claims for disability insurance benefits ("DIB") and

21   supplemental security income  ("SSI") pursuant to Titles II and XVI of the Social

22   Security Act ("Act").  Both parties have consented to proceed before the undersigned

23   Magistrate Judge. In accordance with the Court's Case Management Order, the parties

24   have filed a joint stipulation and request for an order summarily deciding the issues

25   concerning remand and/or immediate payment of benefits ("JS").

26        The relevant background facts are familiar to both parties and Plaintiff has

27   stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and

28   accurately summarizes the hearing testimony and medical evidence in the record except

                                    Page 1

1  as noted in her contentions.

2      In the JS, Plaintiff contends the ALJ erred by: (1) improperly rejecting the opinion

3  of her treating physician John Newman, M.D., and (2) failing to obtain the testimony of

4  a vocational expert.  The Commissioner disagrees.

5      After reviewing the parties' respective contentions and the record as a whole, the

6  Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed

7  by the Commissioner in her portions of the JS and the following reasons.

8      A treating physician's opinion is entitled to more weight than the opinion of a

9  non-treating physician.  *Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995).

10 However, the opinion of a non-treating physician may serve as substantial evidence for

11 rejecting the testimony of a treating physician when the non-treating physician's opinion

12 is supported by independent clinical findings or other evidence in the record.  *Id.*; *see*

13 *also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  Here, the opinion of the

14 examining physician, Oscar S. Gluck, M.D., was supported by independent clinical

15 findings and served as substantial evidence for the ALJ to reject Dr. Newman's opinion.

16 [Administrative Record ("AR") at 19, 139-40, 240.]  Moreover, the ALJ appropriately

17 discounted Dr. Newman's opinion because it was not adequately supported by clinical

18 records or treatment records.  [AR at 19]; *Thomas*, 278 F.3d at 957.

19     Testimony of a vocational expert may be required only at step five, after the

20 burden has shifted to the Commissioner.  *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir.

21 1993)(a vocational expert's testimony useful but not required at step four).  Thus, the

22 ALJ's determination at step four that Plaintiff was capable of performing her past work

23 did not require the testimony of a vocational expert.  *Id*.

24

25                              **III.  CONCLUSION**

26     Accordingly, the Court finds the ALJ's determination of non-disability is free of

27 legal error and supported by substantial evidence in the record. Therefore, Plaintiff's

28 request for an order directing the payment of benefits or remanding this case for further

Page 2

proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:      November 2, 2005          /s/ Arthur Nakazato
                                      ARTHUR NAKAZATO
                                      UNITED STATES MAGISTRATE JUDGE